IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Wendle Murphy, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 3007 |
| CIGPF I Corp., a New York corporation, American Coradius International, LLC, a Delaware limited liability company, and Client Services, Inc., a Missouri corporation, | ) ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Wendle Murphy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.    Plaintiff, Wendle Murphy ("Murphy"), is a citizen of the State of Virginia, from whom Defendants attempted to collect a delinquent consumer debt, which was then allegedly owed to a bad debt buyer, CIGPF I Corp., despite the fact that she was

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, CIGPF I Corp. ("CIGPFI"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CIGPFI operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CIGPFI was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, American Coradius International ("ACI"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. ACI operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ACI was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, Client Services, Inc. ("Client Services"), is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Client Services operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every

state, including consumers in the State of Illinois. In fact, Defendant Client Services was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendant CIGPFI is a bad debt buyer that acquires portfolios of defaulted consumer debts, which it then collects upon through other collection agencies, such as Defendants ACI and Client Services.

8. Defendants are all authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, CIGPFI, ACI and Client Services each conduct extensive and substantial business in Illinois.

9. Defendants ACI and Client Services are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants ACI and Client Services act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Murphy is a senior citizen, with limited assets and income, who fell behind on paying her bills. At some point in time, Defendant CIGPFI bought/obtained one of Ms. Murphy's delinquent credit card debts (likely a Providian credit card), and when Defendant CIGPFI began trying to collect the debt from her, by having Defendant ACI send Ms. Murphy collection letters, dated June 7, 2011 and November 22, 2011, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. Copies of the June 7, 2011 and November 22, 2011 collection letters are attached as Group

Exhibit C.

11. Accordingly, on December 28, 2011, one of Ms. Murphy's attorneys at LASPD informed Defendants CIGPFI and ACI that Ms. Murphy was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Murphy was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Either Defendant CIGPFI ignored this notification, or Defendant ACI failed to provide this information to CIGPFI. Either way, Defendant CIGPFI then had Defendant Client Services send Ms. Murphy a collection letter, dated January 5, 2012, which demanded payment of the debt. A copy of this collection letter is attached as Exhibit E. If ACI properly notified CIGPFI, then it will be dismissed from this Complaint and, if not, it should be held liable for the other Defendants' subsequent actions.

13. Accordingly, on February 22, 2012, Ms. Murphy's LASPD attorney again sent Defendants a letter, directing Defendants to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

4

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letters from Ms. Murphy's agent/attorney, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Murphy was represented by counsel in connection with her debts because her attorneys at LASPD

had informed Defendants, in writing, that Ms. Murphy was represented by counsel, and had directed a cessation of communications with Ms. Murphy. By directly sending a collection letter to Ms. Murphy, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violations Of § 1692f Of The FDCPA --
### Use of Unfair or Unconscionable Collection Means

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

26. Defendant ACI's failure to notify Defendants CIGPFI and Client Services that the account was subject to a cease collections, cease communications and attorney representation notice, or Defendants CIGPFI's and Client Services' failure to take heed of that notice, constitutes unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Wendle Murphy, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Murphy, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Wendle Murphy, demands trial by jury.

Wendle Murphy,

By: /s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: April 23, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com